**SEARS ROEBUCK & COMPANY and Liberty Mutual Fire Insurance Company, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE OF THE STATE OF COLORADO and Kevin L. Stegman, Respondents.**

No. 05CA1722.

Colorado Court of Appeals, Div. II.

June 1, 2006.

As Modified on Denial of Rehearing July 6, 2006.

Law Offices of Richard P. Myers, David G. Kroll, Denver, Colorado, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Law Offices of Matt Busch, W.M. Busch, Jr., Loveland, Colorado, for Respondent Kevin L. Stegman.

ROY, J.

In this workers' compensation case, Sears Roebuck and Company and its insurer, Liberty Mutual Fire Insurance Company (collectively employer), seek review of a final order of the Industrial Claim Appeals Office (Panel) determining that the average weekly wage (AWW) of Kevin L. Stegman (employee) included the cost of group health insurance. We affirm and remand for further proceedings.

The essential facts are not in dispute. Employee suffered a disabling industrial injury while working for employer. At the time of the injury, employer provided group health insurance for employee and his family.

Employee was off work due to the injury for several months and was laid off approximately one month after returning to work. Employer then terminated the group health insurance and offered employee continuing insurance pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 42 U.S.C. § 300bb–1, et seq. (2000). Employee declined the offer.

Shortly thereafter, employee was employed by a different employer (subsequent employer), and he and his family became insured by that employer's group health insurance plan. However, employee's condition as to the industrial injury worsened, he became temporarily disabled, and he was discharged by the subsequent employer.

The subsequent employer offered employee continuing health insurance pursuant to COBRA, which he declined. However, em-

ployee then purchased group health insurance for himself and his family through his wife's employer.

The administrative law judge (ALJ) concluded that under § 8–40–201(19)(b), C.R.S. 2005, the cost of health insurance offered through COBRA is not includable in the employee's AWW unless the employee (1) continues the employer-provided coverage pursuant to COBRA or § 10–16–108, C.R.S.2005, and (2) when COBRA coverage ends, converts that coverage to similar or lesser coverage. Because employee did not actually purchase continuing health insurance coverage under employer's plan pursuant to COBRA, the ALJ refused to include the cost of continuing health insurance in employee's AWW.

The Panel initially affirmed. However, the next day, *Ray v. Industrial Claim Appeals Office,* 124 P.3d 891 (Colo.App.2005)(*cert. granted* Dec. 5, 2005), was announced. In *Ray,* a division of this court held that § 8–40–201(19)(b) "does not require proof that the [employee] actually purchased the coverage." *Ray v. Indus. Claim Appeals Office, supra,* 124 P.3d at 893. Accordingly, the Panel subsequently issued a corrected order following *Ray* and reversing the ALJ's decision.

Employer contends that only the cost of continuation of its group health insurance plan, and thereafter, the cost of conversion from its group to an individual policy within the terms of that plan, may be included in employee's AWW. Employer argues that because employee's request for an increase in his AWW referred only to the cost of group plans offered by *different* employers (his subsequent employer and his wife's employer), the cost of insurance offered by those different employers may not be added to the AWW. We agree as to the cost of continuation, but not as to the cost of conversion.

We would note at the outset that, with perhaps some exceptions, the continuation costs are less than the conversion cost, and the cost for comparable health insurance coverage through a spouse's group insurance plan will be less than either continuation or conversion.

## I.

Although employer raised this issue of different employers' plans before the ALJ, the ALJ did not address it. Instead, the ALJ focused on the issue of whether employee had actually paid for coverage, and, because employee had not, the ALJ denied the request on that ground. When employee filed a petition to review, he argued that the ALJ erred in finding an actual purchase was necessary. In response, employer reiterated its argument regarding different employers.

Relying on *Ray,* the Panel focused on the payment issue raised by employee and found that employee was not required actually to purchase health insurance to have its "cost" included in his AWW. Thus, because employer had not appealed at that juncture, its argument regarding health insurance offered by different employers was not addressed by the Panel, although it was preserved. We address it now for the first time.

## II.

The AWW of an injured employee must be used as the basis for computing compensation payments. It is to be calculated based upon the monthly, weekly, hourly, or other "wages" and remuneration which the injured employee was receiving at the time of the injury. Section 8–42–102(1)–(2), C.R.S.2005; *Ray v. Indus. Claim Appeals Office, supra,* 124 P.3d at 893. Section 8–40–201(19)(b) provides that "[t]he term 'wages' shall include the amount of the employee's cost of continuing the employer's group health insurance plan and, upon termination of the continuation, the employee's cost of conversion to a similar or lesser insurance plan." *See Ray v. Indus. Claim Appeals Office, supra,* 124 P.3d at 893.

In *Midboe v. Industrial Claim Appeals Office,* 88 P.3d 643 (Colo.App.2003), a division of this court found that the terms "continuing" and "conversion" as used in § 8–40–201(19)(b), were ambiguous. After examining the legislative history of the statute, the division concluded that (1) "continuing" means "the right to continue the existing coverage upon termination ... for a period of eighteen months at the group rate"; and

(2) "conversion" means "the employee [may] obtain a policy from the employer's insurer following the expiration of the continued coverage." *Midboe v. Indus. Claim Appeals Office, supra*, 88 P.3d at 645.

Employer now asserts that because *Midboe* construed the terms "continuing" and "conversion" in § 8–40–201(19)(b) by harmonizing them with § 10–16–108, we must likewise look to § 10–16–108 for guidance in determining whether the cost of insurance with "different" employers may be added to the AWW. However, simply because some of the terms in § 8–40–201(19)(b) were modeled after § 10–16–108 does not mean the statutes have the same overall meaning. Further, the phrases of the statute we are construing in this case are not ambiguous and we have no need to look outside the plain meaning of § 8–40–201(19)(b). *See Ray v. Indus. Claim Appeals Office, supra*, 124 P.3d at 893.

Section 8–40–201(19)(b) states that "the cost of continuing *the employer's* group health insurance plan" is included in the AWW (emphasis added). "The employer" clearly refers to the employer at the time of the industrial injury. Because an employee is not required actually to purchase the health insurance, we agree with employee's statement that an employee's AWW may be increased by the amount specified on the original employer's COBRA notice. *See Ray v. Indus. Claim Appeals Office, supra*. Therefore, we reject employer's suggestion that we look to § 10–16–108(1)(e)(II), C.R.S. 2005, to define "the employer" referred to in § 8–40–201(19)(b).

We conclude that the provision for conversion "to a similar or lesser plan," as provided in § 8–40–201(19)(b), is unambiguous. That provision clearly states that when an employee converts to coverage comparable to or lesser than the employer's plan, the cost to the employee of that converted insurance is added to the employee's AWW. *See Schelly v. Indus. Claim Appeals Office*, 961 P.2d 547, 549 (Colo.App.1997).

Thus, we reject employer's argument that the provisions of § 10–16–108(1)(f), C.R.S. 2005, should be engrafted onto the provisions in § 8–40–201(19)(b) for "similar or lesser

insurance." The limitations on the "converted policies" under § 10–16–108(1)(f), which are issued only by "the insurer underwriting the group policy," are inapplicable here. *See Humane Soc'y v. Indus. Claim Appeals Office*, 26 P.3d 546, 549 (Colo.App.2001)("When and where to purchase coverage is a decision for the [employee]. The statute merely seeks to ensure that the [employee] will have funds available to make the purchase."); *Schelly v. Indus. Claim Appeals Office, supra*, 961 P.2d at 549 (after employee continued insurance provided through COBRA, the COBRA period expired, and she converted to Medicare, which was a policy that was not provided by the insurer underwriting the original employer's health insurance policy; division held that employee's cost for conversion to Medicare was properly included in her AWW).

Neither § 10–16–108(1)(f), nor the incorporated provisions of § 10–16–108(1)(c)(I), C.R.S.2005, contain the phrase "similar or lesser insurance." Therefore, it would make no sense to impose the conversion requirements of § 10–16–108(1)(f) in the context of increasing an employee's AWW for workers' compensation purposes. Section 10–16–108 governs an employee's right actually to *obtain* insurance, at the employee's expense, from the insurer providing the employer's health insurance coverage. *See* § 10–16–108(1)(b), C.R.S.2005 (every group policy shall contain a provision that permits employees "to elect to continue the coverage"); § 10–16–108(1)(e)(I) (the employee "has the right to continue coverage"); § 10–16–108(1)(e)(II)(B) (notice must set forth the amount the employee shall pay to retain coverage); § 10–16–108(1)(f) (a "policy that provides for continued coverage ... shall also include a provision allowing a covered employee ... to obtain ... an individual policy" meeting "the requirements of converted policies").

In contrast, § 8–40–201(19)(b) concerns only the cost of insurance for purposes of "ensur[ing] that disabled [employees] would have access to funds for the purchase of similar or lesser health insurance when the employer no longer pays part of the premium for health insurance." *Ray v. Indus. Claim*

*Appeals Office, supra,* 124 P.3d at 894. That purpose would be thwarted by requiring that the "similar or lesser insurance" be limited to the policies issued by the insurer underwriting the employer's original group policy.

Accordingly, the Panel did not err in concluding that the cost of continuing health insurance coverage and, later, the employee's cost of converting to a similar or lesser plan are includable in employee's AWW.

### III.

■ Because the procedural posture of this case prevented the Panel from resolving the particular issues raised by employer in this appeal, it is necessary to remand to the Panel with instructions to remand to the ALJ to address the specific costs that are to be added to employee's AWW and the time periods during which those different costs are applicable.

As to the period for the continuation, employer urges that we engraft the eighteen-month continuation period in § 10–16–108(1)(e)(I) onto the provisions of § 8–40–201(19)(b). We reject employer's assertion that employee's AWW is to be increased by the amount of the continuation cost (as stated on employer's COBRA notice) for only the eighteen-month duration of a continuation benefit.

Employer's approach is appropriate when an employee actually purchases the continuation policy from the employer and the continuation period expires, *see, e.g., Schelly v. Indus. Claim Appeals Office, supra,* at which time the conversion cost would take effect. *See* § 10–16–108(1)(e)(I). However, it has no application here because employee did not purchase employer's continuation policy and therefore only the "cost" of such policy is added to his AWW. Thus, in cases involving cost, rather than actual purchase, there is no "termination of the continuation" as envisioned in § 8–40–201(19)(b).

Once the cost is used in the calculation of the AWW and an employee's benefits are determined based on the AWW, *see* § 8–42–102(1), the benefit amount will continue for the duration of the statutory benefit period, *see* § 8–42–105 (temporary total disability),

§ 8–42–106 (temporary partial disability), § 8–42–107 (permanent partial), § 8–42–111 (permanent total disability), C.R.S.2005, or until the employee actually purchases a "similar or lesser insurance plan" as envisioned by § 8–40–201(19)(b), whichever first occurs. If an employee eventually purchases similar or lesser health insurance individually or through a different employer, then the AWW should be adjusted accordingly, and in turn, the benefit amount should be adjusted for the remainder of the benefit period.

Thus, on remand, the ALJ should adjust employee's AWW for two different periods.

The first period is from the date disability benefits became due and payable after his discharge by employer until the date employee actually purchased insurance through his wife's employer, which appears to be August 1, 2004. Any periods during which employee was not entitled to benefits, such as when he was working for and insured through his subsequent employer, are to be excluded.

Because employee did not actually purchase a continuation policy through employer, the cost of continuation of employer's policy should be added to his AWW and form the basis for his benefits for this first period. On remand, the ALJ may take additional evidence to determine or correct the actual dates and the cost of continuation of employer's insurance. *See Sturgeon Elec. v. Indus. Claim Appeals Office,* 129 P.3d 1057 (Colo. App.2005)(where law is clarified on appeal and case is remanded, the parties are given an opportunity, on remand, to present additional evidence at a hearing before the ALJ). We recognize, as employer points out in its petition for rehearing, that employee did not request inclusion of the cost of employer's insurance in the first instance. However, inasmuch as the law was unsettled at that juncture, and the subsequent appeals left the ALJ's order subject to change, the order may be modified as required by proper application of the law. *See In re Marriage of Graff,* 902 P.2d 402, 406 (Colo.App. 1994)(trial court on remand has continuing jurisdiction to modify order).

The second period is from the date employee actually purchased insurance through

his wife's employer until his benefits end or the insurance ends, whichever first occurs, based on the cost of that insurance. Thus, the cost of continuation or conversion based on the subsequent employer's policy will not be used in the AWW calculation.

The Panel's order is affirmed, and the case is remanded for the ALJ's entry of a new order.

Judge ROTHENBERG and Judge HAWTHORNE concur.